FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CAPEFIRST FUNDING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13CV1290 TSE/JFA |
| | ) | |
| AJJ DISTRIBUTING, LLC, | ) | |
| | ) | |
| Serve: WILLIAM COOK | ) | |
| Registered Agent | ) | |
| 10884 Willow Grove Road | ) | |
| Wyoming, DE 19934 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Capefirst Funding, LLC, a Virginia limited liability company, by counsel, and files this Complaint against the Defendant AJJ Distributing, LLC, a Delaware limited liability company, stating as follows:

1. Plaintiff Capefirst Funding, LLC ("Capefirst") is a Virginia limited liability company with its principal place of business in Fairfax County, Virginia.

2. Defendant AJJ Distributing, LLC ("AJJ") is a Delaware limited liability company, with its principal place of business in Sussex County, Delaware.

### JURISDICTION / VENUE

3. For purposes of 28 U.S.C. § 1332(a), Capefirst is a citizen of Virginia.

4. For purposes of 28 U.S.C. § 1332(a), AJJ is a citizen of Delaware.

5. The Plaintiff Capefirst is a citizen of Virginia. The Defendant AJJ is a citizen of Delaware. The amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because i) the claims asserted herein arise from a lending transaction entered into and originating in Virginia, and hence a substantial part of the events or omissions giving rise to the claim occurred in this district, and ii) due to the express consent to jurisdiction and venue by the Defendant AJJ in connection with a forum selection clause in the underlying loan documents referenced herein.

## BACKGROUND

7. On or around May 29, 2012, AJJ Trading Company, LLC ("AJJ Trading") entered into a certain loan transaction with Capefirst as the lender and evidenced by a certain Promissory Note of even date therewith. The Promissory Note was executed in, and governed by, the laws of the Commonwealth of Virginia, and contained provisions authorizing the confession of judgment against AJJ Trading in the event of a default.

8. As part of the loan referenced above, the Defendant AJJ executed a certain Commercial Guaranty on or about May 29, 2012 (the "Guaranty"), under which AJJ guaranteed payment of all present and future obligations of AJJ Trading owed at any time to Capefirst. A copy of the Guaranty is attached hereto as Exhibit A and is incorporated herein by reference.

9. AJJ Trading fell into default under the terms of the May 29, 2012 Promissory Note referenced above, and on or about July 15, 2013, Capefirst confessed judgment against AJJ Trading in the Circuit Court for Fairfax County, Virginia. Judgment was confessed in the principal amount of $200,720.83 plus interest thereon at the rate of twenty-two percent (22%)

from July 1, 2013 until paid. To date, no payments of any kind have been made by AJJ Trading to Capefirst on account of such judgment.

## COUNT ONE

10. Paragraphs 1-9 are incorporated by reference.

11. AJJ is obligated to Capefirst pursuant to the terms of the Guaranty for all present and future obligations of AJJ Trading owed at any time to Capefirst.

12. Capefirst is the owner and holder of the Guaranty and is entitled to enforce the Guaranty.

13. Notice of default and demand for payment of the Guaranty obligations was made by Capefirst to AJJ on or about May 8, 2013. Despite such notice of default and demand for payment, no payments were made by AJJ to Capefirst.

14. On July 16, 2013, additional notice of default and demand for payment was made by Capefirst to AJJ with respect to the Guaranty obligations. Despite such notice of default and demand for payment, no payments were made by AJJ to Capefirst.

15. As of the date of this Complaint, AJJ is in default under the terms of the Guaranty for failing to make payment of obligations guaranteed thereunder. Capefirst has properly declared all amounts due under the Guaranty to be due and payable. AJJ is liable for all amounts due under the Guaranty.

16. As of September, 30, 2013, the following amounts were due under the terms of the Guaranty:

| | |
|---|---|
| $200,720.83 | Principal |
| $ 11,03.9.64 | Accrued Interest |
| $211,760.47 | Total |

3

In addition, AJJ is liable for interest accruing until the date of payment from September 30, 2013, to the date of payment at the fixed rate twenty-two percent (22%) per annum. Additionally, AJJ is liable for all other costs and expenses of Capefirst, including reasonable attorney's fees.

WHEREFORE, Capefirst prays for an order granting it judgment against the Defendant AJJ Distributing, LLC for all amounts due as described in paragraph 16 above, together with all interest accrued after September 30, 2013, and all other costs and expenses, including reasonable attorneys fees.

Respectfully submitted,

CAPEFIRST FUNDING, LLC
by Counsel

_____
Kevin M. O'Donnell, VSB #30086
Jeffery T. Martin, Jr., VSB #71860
Henry & O'Donnell, P.C.
300 N. Washington Street
Suite 204
Alexandria, Virginia 22314
(703) 548-2100 *telephone*
(703) 548-2105 *facsimile*
kmo@henrylaw.com
Counsel for Capefirst Funding, LLC